IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CANOPIUS CAPITAL TWO LIMITED;
CANOPIUS US INSURANCE, INC.,
FORMERLY KNOWN AS OMEGA
US INSURANCE, INC.; ATRIUM 5 LIMITED;
AMERICAN MODERN SELECT INSURANCE
COMPANY; and AMERICAN WESTERN
HOME INSURANCE                                                                           PLAINTIFFS

v.                                    Case No. 4:16-cv-4032

JEANNE ESTATES APARTMENTS, INC.;
STEVE JOHNSON; and DON WOLF                                       DEFENDANT-INSUREDS

and

TWENTY-FIRST CENTURY HOLINESS
TABERNACLE CHURCH, INC.;
TWENTY-FIRST CENTURY HOLINESS
TABERNACLE CHURCH, INC. d/b/a ARM FULL OF HELP;
TWENTY-FIRST CENTURY HOLINESS
TABERNACLE CHURCH, INC. d/b/a ARMFUL OF HELP;
and TWENTY-FIRST CENTURY HOLINESS
TABERNACLE CHURCH, INC. d/b/a GLORYLAND
CHRISTIAN CHURCH                                                                       DEFENDANTS

**ORDER**

Before the Court is a Motion for Default Judgment Against Defendant-Insureds filed by Canopius Capital Two Limited, Canopius US Insurance, Inc., formerly known as Omega US Insurance, Inc., Atrium 5 Limited, American Modern Select Insurance Company, and American Western Home Insurance (collectively, "the Insurers"). ECF No. 55. No party has responded to the motion, and the time to do so has passed. The Court finds this matter ripe for its consideration.

The Court finds that the Insurers' Motion for Default Judgment Against the Defendant-Insureds and Defendants (ECF No. 55) should be and hereby is **GRANTED**. In particular, a

default judgment is granted in favor of the Insurers with respect the following defendants because each has failed to file a responsive pleading in this matter:

- Jeanne Estates Apartments, Inc. ("JEA");

- Steve Johnson ("Mr. Johnson");

- Don Wolf ("Mr. Wolf"); and

- Twenty-first Century Holiness Tabernacle Church, Inc., Twenty-First Century Holiness Tabernacle Church, Inc. d/b/a Arm Full of Help; Twenty-First Century Holiness Tabernacle Church Inc. d/b/a Armful of Help; and Twenty-First Century Holiness Tabernacle Church Inc. d/b/a Gloryland Christian Church (collectively "TFC").

A review of the record demonstrates that JEA, Mr. Johnson, Mr. Wolf, and TFC (collectively the "Defendant-Insureds") were properly served; however, each has failed to file a responsive pleading or otherwise appear in this lawsuit. The Clerk entered defaults as to the Defendant-Insureds on March 27, 2018.

Thus, a default judgment is granted in the Insurers' favor against the Defendant-Insureds, finding as follows:

a. The policies of insurance at issue in this litigation (the "Policies") do not designate Defendant TFC as an insured and, thus, the Policies afford no coverage to and impose no duty to defend or indemnify Defendant TFC;

b. Because the Defendant-Insureds failed to provide timely notice of the Griffin Lawsuit to the Insurers pursuant to the Policies' notice conditions, the Policies do not afford coverage with respect to the Griffin Lawsuit, styled as Griffin v. Tony Alamo a/k/a Bernie L. Hoffman et al., No. 4:14-cv-04065 (the "Griffin Lawsuit");

c. The Griffin Lawsuit does not allege "occurrences," and therefore, the Policies do not afford coverage with respect to the Griffin Lawsuit;

d. Because the Policies exclude from coverage those claims arising outside of the applicable policy periods, to the extent the alleged "occurrences" occurred prior to or subsequent to the Policies' respective periods, the Policies do not afford coverage with respect to the Griffin Lawsuit;

e. The Policies exclude from coverage those injuries known prior to the policy period, and because all of the injuries alleged in the Griffin Lawsuit were known to the Defendant-Insureds before the Policies' respective policy periods, the Policies do not afford coverage with respect to the Griffin Lawsuit;

f. The exclusions for sexual action, abuse, or molestation contained in some of the Policies, specifically Policy Nos. LLG047606, OUS030503219 and Q61006854, preclude coverage for the Griffin Lawsuit;

g. Because the Policies exclude claims arising from acts or omissions in connection with assaults or batteries and all of the claims alleged in the Griffin Lawsuit arise from acts or omissions in connection with assaults or batteries, the Policies do not afford coverage with respect to the Griffin Lawsuit;

h. Because the Policies exclude coverage for "expected or intended" acts or injuries and all of the alleged acts or injuries in the Griffin Lawsuit were expected or intended from the standpoint of the Defendant-Insureds, the Policies do not afford coverage with respect to the Griffin Lawsuit;

i. The Policies exclude claims that do not arise from each Policies' stated classification and none of the claims in the Griffin Lawsuit arise from the Policies'

stated classifications, and thus, the Policies do not afford coverage with respect to the Griffin Lawsuit;

j. Because the Policies exclude claims that arise from joint venture liability, the Policies do not afford coverage with respect to the Griffin Lawsuit, as all claims against the Defendant-Insureds are based on a joint venture theory;

k. The Policies do not provide coverage for any "personal and advertising injury" claim in the Griffin Lawsuit;

l. The Policies do not provide coverage for any claim in the Griffin Lawsuit involving a criminal, fraudulent, dishonest, or malicious act;

m. Coverage C's conditions for coverage were not met, and therefore, the Policies do not cover Medical Payments under Coverage C with respect to any of Defendant-Insureds as to the Griffin Lawsuit;

n. Because the Policies exclude coverage for punitive or exemplary damages, the Policies do not cover punitive and exemplary damages with respect to the Griffin Lawsuit;

o. The Defendant-Insureds intentionally and fraudulently made material misrepresentations on each application for each of the aforementioned Policies and, had the Insurers known the truth, the Insurers would not have issued said Policies on the same terms and conditions.

p. Judgment is entered in favor of the Insurers on all Counts in the Amended Complaint; and

q. Declaratory relief is granted in favor of the Insurers on all Counts in the Amended Complaint, to wit: the Insurers have no duty to defend and no duty to indemnify any of the Defendant-Insureds with respect to the <u>Griffin</u> Lawsuit.

**IT IS SO ORDERED**, this 23rd day of May, 2018.

<u>/s/ Susan O. Hickey</u>
Susan O. Hickey
United States District Judge